The Chancellor;.
By the will of Zachariah Barrow, in seventeen hundred and twenty-five, the farm in question, after i life estate to Mrs. Field, was devised to the township of Greenwich, for the support of a free school. By the recitals in the leed of seventeen hundred and forty-nine, from Ebenezer Miller, Ananias Sayre and Thomas Ewing, to David Sheppard, it seems doubts were entertained as to the title of Barrow to the *293 farm, and these gentlemen were appointed by the inhabitants of the township of Greenwich, to take such measures as might be necessary, “for the strengthening and securing the title of the said lands to and for the uses above mentioned.” The grantors in this deed, after acquiring a fresh title, made this conveyance, reserving an annual rent of thirteen pounds, unto “ the trustees, for the time being, as they should be chosen by the inhabitants of the town of Greenwich, “included within certain boundaries therein described.” The question presented is, shall the rent reserved be paid to the trustees appointed by the inhabitants of the town of Greenwich, living within said boundaries, or to the township of Greenwich at large, and its proper officers.
It is obvious that Barrow, the testator, designed his bounty for the township at large, and that the grantors in the deed were appointed by, and were to act for the township at large. The trusts in the will are referred to in the deed, and that instrument, •on its face, shows that the grantors meant to perfect the title to the land, to carry out the benevolent designs of the testator. The word town is used, it is true, instead of township, but they were designed as the same. In truth, it is very common now to call a township by the name of a town. As it is presumable the grantors in this deed acted honestly, and designed no wrong, it would be difficult to explain their conduct, but for the •suggestion, that at the time this deed was made, or at all events, ■when the will was executed, the boundaries of the township of Greenwich did not extend beyond those given in this deed, and if so, the restriction left the trust exactly as it was left by the will of Barrow, to the township at large. They possibly designed that any subsequent enlargement of the boundaries of the township, should not affect this property. Ex aequo et bono, therefore, it would seem the township, when it came subsequently to be enlarged, had a claim to this rent, and I have little doubt, to have given it that direction would have been wise and prudent.
But I am to decide on the rights of parties as the case stands, *294 and I see no way of avoiding the payment of the rent according to the express reservation in the deed.
The rent is reserved by the deed, and not by the will of Bai row. The will devised the land, and the title proving defective other persons acquired a fresh title, and they have imposed upon the purchaser certain specified terms, which must be complied with. Especially cannot the grantee in that deed, and those claiming under him, deny its binding authority.
The long acquiescence in this construction, would render it, at this day, unwise and improper in the court, to interfere to produce any change. Public policy forbids the disturbance of so ancient and so well settled a principle, by the practice of the parties.
The case is a proper one for a bill of interpleader. The com plainant found two claimants for the rent, under his deed, both having a very fair show of right. He was justified, I think, in having the question settled, before he paid any more money.
My opinion, therefore, is, that the rent in question is payable to the trustees of the town of Greenwich, appointed by the inhabitants within the bounds defined in the deed, and that the costs of this suit be paid out of the rent reserved. The complainant should pay interest on the rent reserved, after the day of payment.
Decree accordingly.
Cited in Earle v. Mayor of New Brunswick, 9 Vr. 52.